UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TOMAS FUENTES,

        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

------------------------------------------------------------------X

MEMORANDUM & ORDER

10-CV-146 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Tomas Fuentes ("Fuentes"), *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Social Security Administration's ("SSA's") decisions concerning his application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (Compl. (Docket Entry # 1).) The Commissioner moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Def.'s Mot. (Docket Entry # 16).) As set forth below, the court grants the Commissioner's motion.

I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows defendants to challenge the court's subject matter jurisdiction by means of a motion to dismiss. In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## II. DISCUSSION

On May 29, 2009, Fuentes filed separate applications for SSI and DIB. (Herbst Decl. (Docket Entry # 18) ¶ 3(a), Ex. 1.) On July 1, 2009, the SSA denied his claim for SSI on the grounds that Fuentes was not a U.S. citizen or national. (Id. ¶ 3(b), Ex. 2.) Fuentes did not appeal this decision to the SSA Appeals Council. (Id.)

On August 6, 2009, the SSA denied Fuentes's claim for DIB. (Id. ¶ 3(d), Ex. 3.) On September 25, 2009, Fuentes requested a hearing before an administrative law judge regarding this decision. (Id. ¶ 3(e), Ex. 4.) On June 4, 2010, Fuentes filed this action. The Commissioner states that, at the time, his DIB claim was still pending before the administrative law judge. (Id. ¶ 3(g).) On November 2, 2010, the Commissioner granted Fuentes's DIB claim in full. (Docket Entry # 19-1.)

Regarding Fuentes's SSI claim, the Commissioner argues that the court lacks subject matter jurisdiction because Fuentes failed to exhaust his administrative remedies. (Def.'s Mot. at 5-7.) The Commissioner asserts that because Fuentes did not file an appeal with the SSA Appeals Council regarding his claim for SSI, there has not been a "final decision" of the Commissioner, as is required for jurisdiction under 42 U.S.C. § 405(g). That statute confers jurisdiction on the court over social security appeals "after any final decision of the Commissioner made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g). The statute does not define the term "final decision," but invests authority in the Commissioner to explicate it by regulation. 42 U.S.C. § 405(a); see also Weinberger v. Salfi, 422 U.S. 749, 767 (1975). For an SSA determination to be a "final decision" under the statute, the applicant must seek review before the Appeals Council. 20 C.F.R. § 404.900(a)(5). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in

most cases," the exceptions to which are not applicable here. See Sims v. Apfel, 530 U.S. 103, 107 (2000). It is uncontested that Fuentes did not seek review before the Appeals Council. Consequently, the court lacks jurisdiction over his claim for SSI.

Regarding Fuentes's DIB claim, the court similarly lacks subject matter jurisdiction because Fuentes also failed to exhaust his administrative remedies at the time of his Complaint; Fuentes's DIB claim was still pending when he filed his action. See 20 C.F.R. § 404.900(a)(5). The court also notes that since Fuentes's Complaint, the SSA issued a fully favorable decision on his DIB claim. (Docket Entry # 19-1.) The court will therefore dismiss Fuentes's Complaint for lack of subject matter jurisdiction.

## III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      January 6, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge